**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

Omar Rivera Rivera,
   Petitioner

v.                                        Civil No.: 04-2307 (HL)

The Commonwealth of Puerto Rico,
   Respondent

**ORDER**

     Before the Court is the Commonwealth of Puerto Rico's motion to dismiss Petitioner Omar Rivera Rivera's *pro se* habeas corpus petition filed pursuant to 28 U.S.C. § 2254 on the grounds that Petitioner has failed to exhaust state remedies.[1] Petitioner filed a response to said motion.[2] For the reasons set forth below, the Commonwealth of Puerto Rico's motion to dismiss is granted.

**FACTUAL BACKGROUND**

     On January 25, 2002, Petitioner Rivera was convicted of first-degree murder, aggravated kidnaping, and attempted robbery in the Commonwealth of Puerto Rico Court of First Instance, Aibonito Part. Petitioner appealed his conviction to the Puerto Rico Court of Appeals and said appeal was denied. *See El Pueblo de Puerto Rico v. Rivera Rivera*, 2003 WL 23268919 (P.R. Ct. App., Aug. 14, 2003). Petitioner claims that he has appealed the appellate court's decision to the Puerto Rico Supreme Court and filed a motion under Puerto Rico Criminal Procedure

---

[1] Dkt. No. 15.

[2] Dkt. No. 20.

Rule 192.1[3] in the Puerto Rico Court of First Instance, Aibonito Part.[4] Petitioner further avers that neither his direct appeal or Rule 192.1 motion have been adjudicated or otherwise resolved by the respective commonwealth courts. On November 23, 2004, Petitioner filed the present § 2254 habeas petition on the grounds that he has been denied constitutional due process of law because there was insufficient evidence to support his conviction and multiple errors at trial including contradictory testimony, inflammatory methods employed by the prosecution, judicial bias, and fabrication of evidence.

## DISCUSSION

A petition for writ of habeas corpus may be brought by a person in custody pursuant to the judgment of a state court, if such custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). However, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies in the courts of the State." 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court")."An applicant shall not be deemed to have exhausted the remedies available in the courts of the State within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held that in order to satisfy the exhaustion requirement a petitioner for federal habeas review is required to present claims to the state supreme court irrespective of whether said court's review is discretionary. *O'Sullivan*, 526 U.S. 838.

The Puerto Rico courts provide for appellate relief and state habeas corpus post

---

[3] Rule 192.1 provides that "Any person who is imprisoned by virtue of a judgment rendered by any Division of the Court of First Instance and who alleges the right to be released because . . . the sentence was imposed in violation of the Constitution or the laws of the Commonwealth of Puerto Rico or of the Constitution and laws of the United States, . . . may file a motion, in the part of the court which imposed the sentence, to vacate, set aside, or correct the judgment." P.R. Law Ann. tit. 34, App. II. R. 192.1

[4] Dkt. No. 19-1, at p.5.

conviction relief. 34 L.P.R.A. § 1741. In order to be afforded federal court review of a habeas corpus petition brought pursuant to 28 U.S.C. § 2254, a Petitioner challenging a Puerto Rico court conviction must exhaust either of these mechanisms. A prerequisite to state habeas corpus relief is the filing and disposition of a motion pursuant to Puerto Rico Criminal Procedure Rule 192.1. *Id.* at § 1741(c); *Rodriguez v. Warden, Escuela Indus. de Mujeres, Vega Alta Puerto Rico.,* 791 F.Supp. 41, 42 (D.P.R. 1992). In the present case, The Commonwealth of Puerto Rico claims that Petitioner has taken no action to appeal or collaterally attack his conviction. Petitioner in turn claims that he has filed an appeal with the Puerto Rico Supreme Court and a Rule 192.1 motion with the appropriate trial court but that neither petition has been adjudicated or otherwise answered.

Accepting Petitioner's factual averments as true, it appears that he has not exhausted state judicial remedies on either direct appeal or through collateral proceedings and that the highest state court has not had a fair opportunity to act on the constitutional claims presented in the present § 2254 petition. Moreover, Petitioner has not alleged that there is an absence of available state corrective process or that any circumstances exist that render such process ineffective to protec his rights. *See* 28 U.S.C. § 2254(b)(i)-(ii). The exhaustion of remedies requirement is a well-established rule of comity which allows the state courts an opportunity to consider allegations of constitutional violations without interference from the federal courts. O'Sullivan, 526 U.S. at 845; *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). As Petitioner has not exhausted remedies available to him in the Puerto Rico courts, his § 2254 petition is not ripe for review by this Court.

**CONCLUSION**

For the aforementioned reason's the Commonwealth of Puerto Rico's motion to dismiss is **granted**. As such, Petitioner's habeas corpus petition is **dismissed without prejudice**.[5] Judgment shall be entered accordingly.

---

[5] The dismissal of Rivera's habeas corpus petition is without prejudice because the exhaustion of state remedies requirement "does not usually foreclose, but only postpones federal relief." *Camacho*, 343 F.Supp.2d at 65.

4

**IT IS SO ORDERED.**

San Juan, Puerto Rico, January 12, 2006.

                                                    S/ HECTOR M. LAFFITTE  
                                                    United States District Judge